IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | No. 36440-2-III |
| | ) | |
| DANIEL CHRISTOPHER LAZCANO, | ) | |
| | ) | |
| Petitioner. | ) | UNPUBLISHED OPINION |

KORSMO, J. — A jury convicted Daniel Christopher Lazcano of first degree murder. In a 71-page unpublished opinion, this Court affirmed Mr. Lazcano's conviction. *State v. Lazcano*, No. 32228-9-III (Wash. Ct. App. Mar. 16, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/322289.pdf. Having been denied relief from his conviction on direct review, Mr. Lazcano now presents this timely personal restraint petition. In his petition, Mr. Lazcano recasts arguments previously raised and decided in his direct appeal under a new heading of ineffective assistance of counsel. For this reason, we deny Mr. Lazcano's personal restraint petition as without merit.

FACTS

The facts surrounding Mr. Lazcano's conviction are adequately recounted in this Court's first opinion. *See Lazcano*, slip op. Accordingly, we will not recount them further except as necessary for disposition of this personal restraint petition.

Mr. Lazcano's first two trials in this matter resulted in hung juries. Following the second mistrial, Mr. Lazcano and the State reached a plea agreement, under which Mr. Lazcano would plead guilty to a reduced charge of second degree manslaughter. This would have resulted in a sentence far below that for first degree murder.

After considering a variety of factors, including proportionality, prosecution standards, and the facts presented during the first two trials over which he had presided, the trial judge rejected the plea agreement and amended information. The judge later granted a motion for change of venue and disqualified himself from further proceedings on the basis that the very candid reasons he put on the record for denying the plea agreement presented a potential appearance of fairness issue. The case then proceeded to trial in a different county before a different judge.

ANALYSIS

To obtain relief in a personal restraint petition, Mr. Lazcano must show actual and substantial prejudice resulting from alleged constitutional errors, or for alleged nonconstitutional errors that constitute a fundamental defect that inherently results in a complete miscarriage of justice. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813, 792

2

P.2d 506 (1990). To avoid dismissal, the petitioner must support claims with facts and not merely bald or conclusory allegations. *Id*. at 813-814. The supporting evidence must be based on "more than speculation, conjecture, or inadmissible hearsay," and failure to meet this calls for dismissal of the petition. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992).

In this petition, Mr. Lazcano argues that he received ineffective assistance when his trial counsel failed to move for disqualification of the original trial judge and when his trial counsel failed to move for vacation of that judge's decision rejecting the plea agreement. Mr. Lazcano also argues that the original trial judge erred by ruling on the proposed plea agreement when he should have instead recused himself for actual prejudice, bias, and violation of the appearance of fairness doctrine prior to ruling on the plea agreement.

On direct review, Mr. Lazcano argued that the original judge abused his discretion by refusing to accept the amended information and accompanying plea agreement. *Lazcano*, slip op. at 22. Reviewing the issue, we—like the judge before—found that the proposed plea agreement was not in the interest of justice; therefore, rejection of it was not an abuse of discretion. *Id*. at 24-25.

Although not properly preserved, we also addressed and rejected on the merits Mr. Lazcano's claim that the judge should have recused himself before ruling on the plea agreement and found that "[t]he record shows no bias, prejudice, or animus on a personal

level against Daniel Lazcano." *Id*. at 26; *see also id*. at 67-69. Accordingly, the judge

was not required to disqualify himself prior to ruling on the proposed plea agreement.

Now, on collateral review, Mr. Lazcano re-raises this issue under the heading of

ineffective assistance of counsel. "A defendant may not recast the same issue as an

ineffective assistance claim; simply recasting an argument in that manner does not create

a new ground for relief or constitute good cause for reconsidering the previously rejected

claim." *In re Personal Restraint of Stenson*, 142 Wn.2d 710, 720, 16 P.3d 1 (2001).

Accordingly, this issue does not merit further review.

The same is true of Mr. Lazcano's argument that his attorney was ineffective for

failing to seek vacation of the judge's denial of the plea agreement. Even if we were to

review the issue, Mr. Lazcano's attorney's performance was not deficient[1] because, as we

found in our earlier opinion, the plea agreement was not in the interests of justice. There

is also no prejudice because it cannot be shown with any likelihood that a different judge

would have accepted this obviously flawed plea agreement. *Lazcano*, slip op. at 24-25.

---

[1] In a claim of ineffective assistance of counsel, the appellant/petitioner must show that his counsel's performance fell below an objective standard of reasonableness, and a reasonable probability that but for counsel's deficient performance the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

No. 36440-2-III
*In re Pers. Restraint of Lazcano*

## CONCLUSION

Mr. Lazcano fails to meet his burden under *Cook*. We therefore deny his petition.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Siddoway, J.